NO. 07-08-0272-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 26, 2009
_____

MICHAEL R. KRATZER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418623; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Michael Kratzer, appeals his conviction for the offense of driving while intoxicated, third offense or more, and sentence of 40 years confinement in the Texas Department of Criminal Justice, Institutional Division. We affirm.

Factual and Procedural Background

On June 22, 2007, at around 1:30 a.m., Lubbock Police Department Officer Neinast observed appellant driving a vehicle in excess of the posted speed limit. Neinast pursued

the vehicle for the purpose of executing a traffic stop. While in pursuit, Neinast observed appellant's vehicle weaving over lane markers several times. When Neinast caught up to appellant and executed the stop, appellant stopped his vehicle in the middle of the street, rather than pulling to the side of the road. Neinast then approached appellant's vehicle and observed appellant moving very slowly and having a "real difficult" time pulling out his wallet. Neinast also noted that appellant's speech was slurred and that a strong smell of alcohol was emanating from appellant. Neinast instructed appellant to step out of the vehicle and, when appellant complied, Neinast observed appellant stumble and have to catch himself on the side of his vehicle. Neinast then performed three field sobriety tests on appellant. Appellant failed each of these tests. Neinast determined that appellant was intoxicated and placed him under arrest.

Once appellant was placed under arrest, Neinast put him in the front seat of Neinast's patrol car and turned the in-dash camera around to face the appellant. Neinast focused the camera on appellant's lap to record paperwork that Neinast placed in appellant's lap. Neinast then read appellant the statutory warnings enumerated in Texas Code of Criminal Procedure article 38.22, section 2(a).[1] Neinast asked appellant if he understood his statutory warnings. Appellant did not respond verbally, but nodded his head in agreement. Neinast then asked appellant if he wanted to answer Neinast's questions. Again, appellant did not respond verbally, but Neinast indicated that appellant did nod his head in agreement. As a result of questions asked by Neinast, appellant stated

---

[1] Further reference to the warnings found in Texas Code of Criminal Procedure article 38.22, section 2(a), will be by reference to "statutory warnings."

that he had (1) been drinking Budweiser, (2) consumed five beers, and (3) consumed his last beer at 11:30 p.m.

Appellant was indicted for the offense of driving while intoxicated. The indictment alleged that appellant had been previously convicted of nine prior driving while intoxicated offenses and two other felonies. Before trial, appellant filed a motion to suppress the audio portions of the recording during which he made the statements identified in the previous paragraph. Appellant contended that, because he did not verbally waive his rights before making the statements, the statements were inadmissible under Texas Code of Criminal Procedure article 38.22, section 3(a). The trial court viewed the recording and then heard Neinast's testimony before overruling appellant's motion. At the close of the trial, the jury found appellant guilty of the offense of driving while intoxicated. At the punishment hearing, the trial court found the enhancement paragraphs to be true and sentenced appellant to 40 years incarceration.

By one issue, appellant contends that the trial court erred in denying appellant's motion to suppress the audio portions of the video recording because appellant did not knowingly and voluntarily waive his rights and the requirements of article 38.22 of the Texas Code of Criminal Procedure were not satisfied.

Law and Analysis

Appellant's contention on appeal is that, under Texas Code of Criminal Procedure article 38.22, section 3(a), appellant's statements recorded on the video recording are inadmissible because appellant did not audibly waive his rights before making the

3

statements.  See TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a) (Vernon 2005).  Further, appellant's issue relates solely to the denial of his motion to suppress.

In reviewing a trial court's ruling on a motion to suppress, the reviewing court must view the evidence in the light most favorable to the ruling.  See State v. Kelly, 204 S.W.3d 808, 818-19 (Tex.Crim.App. 2006).  When no findings of fact are entered by the trial court, we are to imply the findings necessary to support the trial court's ruling so long as those implied findings are supported by the evidence when that evidence is viewed in the light most favorable to the ruling.  Id. at 819.  The trial court's suppression ruling should be upheld if it is supported by the record and is correct under any theory of law applicable to the case.  See St. George v. State, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007).  At a suppression hearing, the trial court is the sole judge of the credibility of witnesses and of the weight to be given to their testimony.  Cantu v. State, 817 S.W.2d 74, 77 (Tex.Crim.App. 1991).  The trial court may believe or disbelieve all or any part of a witness's testimony and, absent an abuse of discretion, we will not disturb its findings on appeal.  Id.

Section 3(a) of article 38.22 of the Texas Code of Criminal Procedure states that an oral confession of an accused that was made as a result of custodial interrogation is not admissible unless the accused was first given the statutory warnings and knowingly, intelligently, and voluntarily waived the rights identified in those warnings.  See TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a).

4

In the present case, Neinast testified that he read appellant the statutory warnings and that appellant acknowledged his understanding of these warnings by nodding his head. Neinast also testified that, after acknowledging his understanding of the warnings, appellant again nodded in agreement when asked if he wanted to answer Neinast's questions. By its ruling, the trial court necessarily found that appellant's nonverbal nodding was intended to indicate that appellant wanted to waive his rights. See Kelly, 204 S.W.3d at 819. As the record supports this implied finding, which is dependent on the trial court's determination of the credibility of Neinast's testimony, we must determine whether the law allows a nonverbal waiver of the statutory rights contained within the statutory warnings. See St. George, 237 S.W.3d at 725.

The same contention made by appellant in the present appeal was presented in Barefield v. State, 784 S.W.2d 38, 40-41 (Tex.Crim.App. 1989). In Barefield, the appellant contended that his videotaped confession was inadmissible because he was not specifically asked, nor did he specifically volunteer, whether he wanted to waive his rights. Id. at 40. The Court of Criminal Appeals affirmed the trial court's admission of this evidence at trial and held that, "We do not, however, interpret the oral confession statute to require an express verbal statement from an accused that he waives his rights prior to giving the statement." Id. at 40-41. Rather, the reviewing court is directed to look at the totality of the circumstances to determine whether a confession was given voluntarily. Id. at 41. In its analysis, the Court indicated that the trial court's finding that the confession was made after the appellant knowingly, intelligently, and voluntarily waived his rights was supported by the record and that there was no evidence that the confession was the

5

product of promises or coercion.  Id.  Therefore, the Court concluded that the statements were admissible under Texas Code of Criminal Procedure article 38.22, section 3, and the trial court did not abuse its discretion in admitting the evidence.  Id.

In the present case, as in Barefield, the record supports the trial court's implied finding that appellant indicated his desire to waive his rights by nodding his head, that this waiver was knowing, intelligent, and voluntary, and that there was no evidence that appellant was promised anything or in any way coerced into making the statements that he sought to suppress.  Thus, we conclude that the trial court did not abuse its discretion in denying appellant's motion to suppress and overrule appellant's issue.

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.


6